**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LAVELLE MOORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-cv-00805** |
| | ) | **Judge Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**M E M O R A N D U M**

Pending before the court is petitioner's motion for relief from a judgment pursuant to Rule 60 (Docket No. 4), to which the respondent has responded (Docket No. 10).

**I.      Procedural History**

On November 13, 2001, after a jury trial, petitioner Lavelle Moore was convicted of sixteen counts of drug, money-laundering, and firearm offenses.  *See United States v. Lavelle Moore*, No. 3:10-cr-00137-1, Docket Nos. 44 & 46.  The court sentenced Moore to eighty-five (85) years' imprisonment.  *Id.*, Docket Nos. 56 & 57.

Moore appealed, raising three issues: (1)  the court erred by recalling an alternate juror; (2) the government violated his Sixth Amendment rights by discussing the testimony of certain witnesses in the presence of a witness still to be called; and (3) the government committed misconduct by seeking a superseding indictment based on information provided by a witness represented by an attorney who previously represented Moore at his detention hearing.  *United States v. Moore,* 93 Fed. Appx. 887 (6th Cir. 2004).   On April 1, 2004, the Sixth Circuit issued an opinion rejecting these arguments and affirming Moore's sentence.  *Id.* at 896.  Moore then filed a petition for a writ of certiorari, which the Supreme Court denied on October 4, 2004.  *Moore v.*

*United States*, 543 U.S. 869 (2004).

On October 6, 2005, Moore filed in this court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). In his motion, Moore raised two grounds for relief: (1) his trial counsel, Kenneth Crites, had been constitutionally ineffective, and (2) Moore had been "sentenced without consideration of mitigating factors and by determination of an enhancement" contrary to the holding of *United States v. Booker*, 543 U.S. 220 (2005). (*Id.*)

On November 7, 2005, the court entered an order and memorandum denying Moore's § 2255 motion. (Docket No. 2). As to Moore's claim of ineffective assistance of trial counsel, the court first concluded that Moore had procedurally defaulted the claim by failing to raise it on direct appeal. (*Id.* at p. 3). The court went on to conclude that, "[e]ven assuming for the sake of discussion that grounds exist to excuse the movant's procedural default on this issue, the movant still fails to establish that he is entitled to habeas corpus relief on the grounds alleged." (*Id.* at pp. 3-4). As to Moore's *Booker* claim, the court found that *Booker* did not apply retroactively to federal criminal cases such as Moore's that were final on direct review at the time *Booker* was decided. (*Id.*) The court dismissed the case and entered final judgment.[1] (Docket Nos. 2 and 3).

## II.     The Present Motion

On April 2, 2013, well over seven years after the court's dismissal of his § 2255 motion, Moore filed the instant motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the court's order and memorandum entered on November 7, 2005. (Docket No. 4). The motion seeks relief from Moore's lengthy sentence on three grounds. First, Moore asserts that, under *Massaro v. United States*, 538 U.S. 500 (2003), the court erred when it concluded that Moore

---

[1] Moore did not seek a certificate of appealability or otherwise pursue appellate relief.

procedurally defaulted his ineffective assistance of counsel claim by failing to raise it on direct appeal (the "*Massaro*" claim). (*Id.* at pp. 4-5.) Second, Moore asserts that, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he was entitled to the effective assistance of appointed counsel in connection with his § 2255 motion (the "*Martinez*" claim). (*Id.* at pp. 5-6.) Third, he asserts that, under *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), trial counsel was constitutionally ineffective for advising Moore to reject a plea offer and proceed to trial (the "*Lafler*" claim). (*Id.* at pp. 7-8.). The government has filed a response, contending that (1) Moore's motion should be characterized as raising one claim that is properly cognizable under Rule 60(b) and two claims that are second or successive habeas claims; (2) the Rule 60(b) claim should be denied; and (3) the remaining habeas claims should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. (Docket No. 10)

## III.   Analysis

The threshold question presented by Moore's instant motion is whether, although labeled as a Rule 60(b) motion, it must be construed as a second or successive petition/motion under § 2255 over which this court lacks jurisdiction. In its response, the government contends that "Moore's motion presents somewhat unusual circumstances, in that it contains two new substantive grounds for relief (Moore's *Lafler* and *Martinez* claims) and an attack on the court's prior procedural-default ruling (Moore's *Massaro* claim)." (Docket No. 10 at pp. 4-5).

As the Supreme Court has recognized, Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). The "judgment" from which relief may appropriately be sought under Rule 60(b), in the present context, is the ruling on the prior habeas petition itself. That is, a Rule 60(b) motion would be appropriate to "attack [ ] . . . some defect in the integrity of the [prior] federal habeas proceedings." *Gonzales*,

545 U.S. at 532.  A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition.  *Id.* at 532 n.4.

However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion."  *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532).[2]  In *Gonzales*, the Supreme Court specifically referenced "a motion [that] contend[s] that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a [habeas] claim" as an example of a motion that, though labeled as a 60(b) motion, is more properly construed and treated as a successive habeas petition.  545 U.S. at 531 (quoting *Fed. R. Civ. P.* 60(b)(6)).

With regard to his *Martinez* claim, Moore contends that he is entitled to habeas relief[3] because he was deprived of the effective assistance of counsel during his initial § 2255 proceeding.  Having not been raised in Moore's initial § 2255 motion, this claim is a new claim for relief*, which* is outside the scope of a Rule 60(b) motion.  With regard to his *Lafler* claim, Moore contends that he is entitled to habeas relief[4] because trial counsel erroneously advised him to reject a plea deal and

---

[2]The Supreme Court in *Gonzales* expressly limited its holding to § 2254 cases, *id.* at 539 n.3, but the Sixth Circuit has applied the Supreme Court's reasoning in that case to Rule 60(b) motions brought by federal prisoners following unsuccessful motions to vacate under 28 U.S.C. § 2255 motions.  *See In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007).

[3]The specific relief sought by Moore is for the court to vacate the prior judgment in this case, restore the case to the active docket, and appoint counsel for Moore.  (Docket No. 4 at p. 6).

[4]The specific relief sought by Moore is for the court to vacate the prior judgment in this case, restore the case to the active docket, and grant Moore a hearing on this claim.  (Docket No. 4 at p. 8).

go to trial.  This claim, too, is a new claim for relief based on a purported change in the substantive law; it is not an attack on the integrity of the prior habeas proceedings.

After reviewing the petitioner's  Rule 60(b) motion, the court concludes that, with respect to Moore's *Martinez* and *Lafler* claims, the motion is the equivalent of a successive habeas filing under *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).   However, before a second or successive petition for a writ of *habeas corpus* may be adjudicated in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).   Moore has not sought and obtained the authorization from the Sixth Circuit Court of Appeals required for this court to consider his second or successive claims.  By accompanying order, the Clerk will be directed to transfer Moore's *Martinez* and *Lafler* claims  to the Sixth Circuit Court of Appeals for consideration.  28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Moore's *Massaro* claim, however, presents an argument appropriately raised in a Rule 60(b) motion.  Moore contends that, under the holding of *Massaro*, the court should not have concluded that he procedurally defaulted his ineffective assistance of counsel claim by failing to raise it on direct appeal.[5]   Moore insists that the court's decision of November 7, 2005, must be vacated and his initial § 2255 motion restored to the active docket.  This claim is one of legal error which "is subsumed in the category of mistake under Rule 60(b)(1)." *United States  v. Leprich*, 169 F. App'x 926, 932 (6th Cir. 2006); *see Mitchell v. Rees*, 261 F. App'x 825, 829-30 (6th Cir. 2008)(explaining that a claim of legal error falls within Rule 60(b)(1), and that when 60(b)(1) applies, a court cannot

---

[5]Moore fails to note that, after finding that Moore had procedurally defaulted his claim, the court went on to consider his ineffective assistance claim on the merits, ultimately concluding that Moore failed to establish that he was entitled to relief.  *See* Docket No. 2 at pp. 3-4.  However, "the focus of the inquiry is not on whether the court reached the merits of the original petition but on whether the Rule 60(b) motion contains a claim.  If it does not contain a claim, it is not a habeas petition, successive or otherwise." *Mitchell v. Rees*, 261 Fed. Appx. 825, 829 (6th Cir. 2008).

consider the motion under Rule 60(b)(6)). Pursuant to Rule 60(b)(1), Moore's motion must have been filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Fed. R. Civ. P.* 60(c)(1). "This time limit is jurisdictional, and the district court does not have the discretion to extend the period of limitation." *Mitchell*, 261 F. App'x at 830 (internal citations omitted). The party seeking relief under Rule 60(b) bears the burden "to bring himself within the provisions of Rule 60(b)." *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986).

Moore filed his Rule 60(b) motion seven and a half years after the court denied his § 2255 motion. The motion therefore is late. Because Rule 60(b)(1) applies, Moore's motion cannot be considered under Rule 60(b)(6). *See Mitchell*, 261 F. App'x at 829-30.

Even if the court considered Moore's motion under Rule 60(b)(6), the motion would still be untimely. Rule 60(b)(6) motions "must be made within a reasonable time." *Fed. R. Civ. P.* 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Factors to be considered include the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *See Ollie v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Here, Moore offers no explanation for why he waited over seven years to file his motion. *See, e.g., Days Inn Worldwide*, 445 F.3d at 906 (affirming the denial of the appellant's motion as untimely where he did "not attempt to identify any good reason" for waiting eleven months to file his motion). The length of Moore's delay weighs against granting relief. Although two of the claims raised in his Rule 60(b) motion rely on the recent decisions of *Martinez* and *Lafler*, those cases have no bearing on his *Massaro* claim. The Supreme Court decided *Massaro* in 2003, two years *before* Moore filed his initial § 2255 motion.

Additionally, as the court reasoned in its 2005 memorandum, even if the court excused Moore's procedural default, he is not entitled to relief on the merits of his ineffective assistance claim. In considering the merits of Moore's claim as raised in his original § 2255 motion, the court found that, "[n]ot only does the movant fail to establish either part of the two-part *Strickland* test, absent any supporting factual allegations, the movant's ineffective assistance claim is wholly conclusory." (Docket No. 2 at p. 3).

"Courts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The 'something more' must include unusual and extreme situations where principles of equity mandate relief." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)(citations omitted). A party "may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citation omitted).

Moore has not demonstrated that, with respect to his *Massaro* claim, the principles of equity mandate relief since the court already has considered the merits of his ineffective assistance of counsel claim and rejected the claim. Thus, Moore's motion fails to provide sufficient grounds for granting relief from the judgment. Moore's *Massaro* claim under Rule 60 will be dismissed.


IV.    **Conclusion**

For the reasons explained above, the court concludes that, given the nature of Moore's *Martinez* and *Lafler* claims, those claims are second or successive habeas claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Accordingly, the Clerk will be directed to transfer Moore's

*Martinez* and *Lafler* claims to the Sixth Circuit Court of Appeals for consideration. 28 U.S.C. §

1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

As to Moore's *Massaro* claim, the court finds that it is appropriately raised in Moore's Rule

60(b) motion. However, the claim is untimely and provides no grounds for relief. Therefore, the

Rule 60(b) motion (Docket No. 4) as to Moore's *Massaro* claim will be denied.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge