**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LAVELLE MOORE,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-cv-00805** |
| | ) | **Judge Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**O R D E R**

Pending before the court is Lavelle Moore's motion for relief from a judgment pursuant to Rule 60 (Docket No. 4), to which the respondent has responded (Docket No. 10).

For the reasons explained in the memorandum entered contemporaneously herewith, the court concludes that, given the nature of Moore's *Martinez* and *Lafler* claims, those claims should be treated as second or successive habeas claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Accordingly, the Clerk is **DIRECTED** to transfer Moore's *Martinez* and *Lafler* claims to the Sixth Circuit Court of Appeals for consideration. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Moore is forewarned that he must file a motion with the Clerk of the Sixth Circuit Court of Appeals pursuant to the requirements of 28 U.S.C. § 2244 within forty-five (45) days of the date of entry of this order on the docket. Failure to file such a motion will result in a denial of authorization to prosecute his motion in this court.

As to Moore's *Massaro* claim, the court finds that it is appropriately raised in Moore's Rule 60(b) motion. However, the claim is untimely and provides no grounds for relief. Therefore, the Rule 60(b) motion (Docket No. 4) as to Moore's *Massaro* claim is hereby **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge